**UNITED STATES of America, Plaintiff,**

v.

**Randy COOK, Defendant.**

**No. 98–7158M.**

United States District Court, D. Colorado.

Nov. 17, 1998.

Sheilah M. Rogers, Asst. U.S. Atty.

Jeffrey M. Laski, Aurora, CO, for Defendant.

**MEMORANDUM OPINION AND ORDER**

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on November 10, 1998 for a motions hearing. Present were the following: Sheilah M. Rogers, Assistant United States Attorney; Jeffrey M. Laski, attorney for Defendant; and Defendant.

Defendant has filed a motion to suppress. Testimony was received from U.S. Park Service Ranger Mitchel Fong and Todd Carder. After receipt of the witnesses' testimony and argument of counsel, the Court took the motion under advisement. Further argument will be waived.

## I.

The evidence establishes the following. On August 28, 1998, Ranger Fong was on duty in Rocky Mountain National Park. He was patrolling on Highway 34 which runs through the park and becomes the Trail Ridge Road.

Ranger Fong was headed eastbound on Highway 34 near the former Hidden Valley Ski area when he noticed a motorcycle heading westbound. The motorcycle appeared to be travelling at an excessive rate of speed, and Ranger Fong observed it swerve. The passenger's leg appeared to rise up. Ranger Fong made a u-turn and decided to attempt a pace with the motorcycle to clock its speed.

The motorcycle pulled off the road and then went further westbound on Highway 34. The motorcycle pulled off the road again near the Many Parks Curve. The motorcycle remained stopped as Ranger Fong pulled up behind it. Ranger Fong indicated that he could not observe a license plate when he pulled up.

The motorcycle passenger, Todd Carder, approached the Ranger's vehicle. Ranger Fong exited his vehicle and requested the passenger to return to the area of the motorcycle. Ranger Fong then approached the motorcycle and got down to observed the license plate, which he discovered was a valid temporary license for the motorcycle. Ranger Fong requested of Defendant, who was driving the motorcycle, his driver's license, registration, and proof of insurance. Defendant produced a driver's license which did not have a motorcycle endorsement and a registration, but he was unable to produce any documentation for insurance.

Ranger Fond smelled alcohol on the breath of Defendant. Ranger Fong further noted that Defendant had bloodshot eyes and his actions were slow and deliberate. Ranger Fong believed that Defendant was under the influence of alcohol and had Defendant perform a series of roadside maneuvers and take a portable breathalyzer test. Based upon his observations and the portable test result, Defendant was arrested for driving under the influence.

The prosecution has filed an information that has superseded all violation notices issued in this matter. The information alleges two charges: operating a motor vehicle while under the influence of alcohol or drugs, in alleged violation of 36 C.F.R. § 4.23(a)(1); and failing to present evidence of insurance, in alleged violation of 36 C.F.R. § 4.2 and Colo.Rev.Stat. § 42–4–1409.

Defendant has pled not guilty and requested a trial. Defendant's motion to suppress was the only motion filed to date by either side.

## II.

The thesis of Defendant's motion is fairly simple. Defendant argues that Ranger Fong only came up to the motorcycle as a result of a desire to check the license plate. Once Ranger Fong observed that a proper temporary license plate was on the motorcycle, there was no further reason to detain Defendant or the passenger, Mr. Carder.

Defendant relies on *United States v. McSwain*, 29 F.3d 558 (10th Cir.1994) in support of his position. In *McSwain*, the defendant was travelling through the State of Utah and was stopped by a state trooper. The trooper had not observed a rear license plate on the vehicle. The trooper asked for a driver's license and registration. The trooper later asked for permission to search the car and found drugs.

The Tenth Circuit noted that the stopping of a vehicle is a "seizure" within the meaning of the Fourth Amendment. *Id.* at 561. Any detention must be examined to determine if the officer's action was justified at the inception and the scope was reasonably related to the circumstances. *Id.* In *McSwain*, the Tenth Circuit found that the second prong had been violated by the trooper, as there was a valid temporary sticker on the car and "the purpose of the stop was satisfied." *Id.*

The Tenth Circuit held that the expansion of the detention to include a search of the vehicle was not proper.

█ This Court believes that *McSwain* cannot be read in a vacuum. In *United States v. Botero–Ospina,* 71 F.3d 783 (10th Cir.1995), the Tenth Circuit overruled *en banc* its previous decision in *United States v. Guzman,* 864 F.2d 1512 (10th Cir.1988) which had dealt with pretextual stops. The Tenth Circuit examined the issue of a traffic stop.

A traffic stop is a seizure within the meaning of the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention quite brief." (citation omitted). An ordinary traffic stop is, however, more analogous to an investigative detention than a custodial arrest. (citations omitted). We therefore analyze such stops under the principles pertaining to investigative detentions set forth in Terry v. Ohio. (citations omitted). To determine the reasonableness of an investigative detention, we make a dual inquiry, asking first "whether the officer's action was justified at its inception," and second "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." (citations omitted).

*Id.* at 786. In rejecting the standard set forth in *Guzman,* the Tenth Circuit stated, in part, as follows:

Because the Guzman standard is unworkable, we now adopt a new standard in this circuit for examining the constitutionality of a traffic stop: a traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring. (footnote omitted). It is irrelevant for purposes of Fourth Amendment review, "whether the stop in question is sufficiently ordinary or routine according to the general practice of the police department or particular officer making the stop." (citation omitted). It is also irrelevant that the officer may have had other subjective motives for stopping the vehicle. Our sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated "any one of the multitude of applicable traffic and equipment regulations" of the jurisdiction. (citations omitted).

*Id.* at 787. Thus, a pretextual motive is irrelevant if there was a valid basis for stopping the vehicle in the first instance for a traffic or equipment violation. *United States v. Castillo,* 76 F.3d 1114 (10th Cir.1996) (trooper stopped motorist as he thought vehicle was in violation of tinted window statute).

█ The present case is distinguishable in several respects from *McSwain.* Defendant was stopped when Ranger Fond approached the motorcycle. There was no detention in the classic sense discussed in *McSwain* and *Botero–Ospina.* Ranger Fong had to come to the motorcycle to examine the temporary license plate. While doing so, he observed the conduct of the passenger and the physical characteristics of Defendant. There was the smell of alcohol and the observation of bloodshot eyes. Ranger Fong had observed previous driving that appeared to be unsafe. The Court finds from the evidence presented that Defendant did swerve at the point where the motorcycle was first observed by Officer Fong. There was sufficient information that warranted the contact by Ranger Fong in the first instance.

█ Once the initial contact began, Ranger Fong was not required to close his eyes or nose to what there was to observe. Ranger Fong had a right to ask for a driver's license, registration, and insurance. *United States v. Elliott,* 107 F.3d 810 (10th Cir.1997); Colo. Rev.Stat. § 42–2–101; Colo.Rev.Stat. § 42–4–1409. Once he observed indicia of alcoholic intoxication, Ranger Fong was authorized to further detain Defendant to allow for completion of the investigation to determine if Defendant was driving under the influence.

In this case, as in *McSwain,* the initial contact was proper and constitutional. Based upon his observations, Ranger Fong was constitutionally permitted to proceed with his investigation and to determine if Defendant was DUI. The actions of Ranger Fong did not violate any constitutional right of Defendant, and nothing has been present-

ed that would warrant suppression in this case.

IT IS HEREBY ORDERED that Defendant's motion to suppress is denied.